E-FILED
Monday, 23 December, 2024  03:18:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN H. PORTER JR<br><br>    Plaintiff,<br><br>    vs.<br><br>DORA VILLAREAL, STATE'S ATTORNEY<br>ROCK ISLAND COUNTY STATE'S<br>ATTORNEY'S OFFICE,<br><br>    Defendant | )<br>)<br>)  CIVIL ACTION<br>)<br>)  CASE NO. ___24-cv-4240___<br>)<br>)<br>)<br>)  FOURTEENTH JUDICIAL DISTRICT<br>)<br>)<br>) |

CIVIL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW OMES Bryan Porter, Pro se Petitioner, whose street address is 15403 Cherry Ln, Markham IL, 60428, complaining of and against Dora Villareal, State's Attorney of the Rock Island County State's Attorney's Office, whose street address is 1317 3rd Ave 2nd Floor, Rock Island, IL, 61201, (hereafter "Defendant"), and would respectfully show the court the following:

Whereas, the alleged discrimination occurred on July 13, 2022.

Whereas, Porter filed an EEOC complaint against Defendant on or about May 5, 2023.

Whereas, the EEOC Complaint was processed by the Illinois Department of Human Rights (IDHR).

Whereas, the IDHR completed their investigation on or about April 2024.

Whereas, the EEOC issued a "Notice of Your Right to Sue" om 9/19/2024.

Whereas, Porter opened the "Notice of Your Right to Sue" on 9/23/2024. See attachment 1.

Whereas, Porter does demand a jury trial.

1

## JURISDICTION

Jurisdiction over the claim of Employment Discrimination and Wrongful Discharge is based on 28 U.S.C. § 1331. Porter alleges that the defendant discriminated against Plaintiff because of plaintiff's Race and Sex/Gender, pursuant to Title VII of the Civil Rights act of 1964, as amended, 42. U.S.C. § 2000e. This Court has supplemental jurisdiction over the state claim of Intentional Infliction of Emotional Distress. Federal district courts may exercise supplemental jurisdiction over state claims not otherwise within their adjudicatory authority if those claims are "part of the same case or controversy" as the federal claims the plaintiff asserts. 28 U. S. C. §1367(a). *see also Artis v. District of Columbia.* 583 U.S. (2018).

## VENUE

The Central District of Illinois located at 322 16th Street. Suite 200 A, Rock Island, IL 61201 is the proper venue for this case because a substantial part of events or omissions giving rise to the claim occurred within this judicial district. 28 USC §1391(b)(2).

## STATEMENT OF FACTS

Plaintiff, Bryan Porter was employed as a paralegal at Rock Island County's State's Attorney's Office in October 2022. Porter had also interned at the same office as a student Prosecutor in the summer of 2019. As a recent law graduate, Porter had skills and work ethic that made him more valuable and capable than any other paralegal in the Rock Island County State's Attorney's office. Porter did legal research and wrote legal briefs on behalf of the attorneys within the Civil Department of the State's Attorney Office. On or about March 22, 2022, Porter, requested PTO to attend his auntie's funeral. Porter's supervisor, ASA Patricia Castro, granted Porter's PTO request and did so against the Rock Island County's State's Attorney's Office's Employee Guidelines. On March 25th, Porter took 4 hours of PTO and drove back to Chicago, IL to attend his auntie's funeral. On Thursday, March 31st, Defendant notified Porter that his PTO request was incorrect and that they would be taking the pay out

2

of his current payroll period. ASA Castro then came into Porter's office and closed the door behind her. She notified Porter in person of the mistake. Porter stated that ASA Castro should be penalized for her mistake and not Porter. ASA Castro then berated Porter with a string of racially charged insults. Calling him "ungrateful", "uncontrollable", "belligerent", and "hostile". These are words used to indicate that black men are animalistic, aggressive, and dangerous for reasonably disagreeing even in light of them not breaking professionalism and/or violating employee policy. It is part of the "Angry Black Man" stereotype that this is discriminatory on the basis of race and sex/gender. Porter noted that he was frustrated that she would use such language with him. On April 1st, Porter reported the incident to Human Resources. Also on April 1st, ASA Castro held a leadership meeting stating that Porter was a danger to the office and should be immediately terminated. On April 5th, Porter notified States Attorney Dora Villareal of ASA Castro's conduct and she denied that ASA Castro would make those kinds of remarks. She did not follow up with ASA Castro about her conduct. After April 1st, ASA Catsro began to harass Porter based on his race and gender as a black man. While working for Rock Island County's State's Attorney's Office Porter was a notably impressive employee. Porter was even recognized as employee of the week on two different occasions. Noting his work ethic, and civility.

From April 1st until his wrongful termination on July 13th, ASA Castro refused to talk to Porter face to face. ASA Castro made all communications with Porter through email. ASA Castro would lock her door when she was not in the office which greatly hindered Porter from completing his work and getting necessary files from her office. ASA Castro no longer greeted Porter when he entered the office and purposely did not include him on important meetings within the Civil department. Based on ASA Castro's conduct she acted as if Porter was a danger to her and intimidated her. ASA Castro's conduct of reducing all communication with Porter to email and excluding him from Civil Department matters, made his work unreasonably more difficult. ASA Castro's conduct also greatly affected Porter's mood and work performance. Porter still engaged with employees, but removed most of his office decorations

3

to show that he no longer felt part of the office. ASA Castro's conduct singled out Porter and isolated him from other departments. On May 19th, Porter had a Corrective Action Meeting about his Tardiness and Attendance. ASA Castro said that Porter had been brought to her attention by other staff and noted attendance violations after April 1st. Porter denied the allegations and stated that ASA Castro targeted him based on his race and sex. Porter reported the Notice to HR.

On July 8th, Porter was called into another Corrective Action meeting with ASA Castro, States Attorney Dora Villareal, and Second State's Attorney Heidi Weller. This was to talk about Porter's work and demeanor at the workplace. They stated that Porter was more withdrawn and seemed more "aggressive". Porter again stated how these perceptions were racially charged and unprofessional. On July 12th, Porter reported the incident to HR. On July 13th, Porter was invited to a meeting with Dora Villareal with no subject line. Porter did not attend. At 4:25PM, the end of Porter's workday, Dora Villareal came to Porter's office and requested he come to her office. Porter refused and was packing up to leave. Dora Villareal then came back to Porter's office with a termination letter and two police officers. Dora Villareal requested Porter be escorted out of the building by police. Porter was escorted by police and was witnessed by all of the office staff being escorted out. This was not in accordance to Rock Island County's State's Attorney's Office termination policies.

4

CLAIMS

## I.   EMPLOYMENT DISCRIMINATION: RACE BASED HARRASSMENT

1.  Porter is a member of a protected class as a black man.

2.  Defendant knew of Porter's protected status.

3.  Defendant discriminated against Porter on the basis of race and engaged in race-based harassment.

4.  Defendant engaged in unwelcomed conduct by calling Porter racially charged epithets "ungrateful", "uncontrollable", "belligerent", and "hostile".

5.  Defendant engaged in unwelcomed conduct by ASA Castro avoiding Porter and refusing to interact with Porter, thus making his ability to work unreasonably difficult.

6.  Defendant engaged in unwelcomed conduct when terminating Porter by escorting him out of the workplace by Police.

7.  This harassment is based on racial stereotypes against black men being animalistic, dangerous, and aggressive.

8.  This harassment is forbidden by the Title VII of the Civil Rights act of 1964, as amended, 42. U.S.C. § 2000e.

9.  Defendant's harassment and following conduct created a hostile work environment for Porter and altered the conditions of employment by making it significantly more difficult for him to do his job.

10. Porter found the conduct to be hostile.

11. Defendant must be held responsible for the action as Defendant was notified of the conduct of ASA Castro and failed to take corrective action.

5

12. Not only did Porter experience a hostile work environment, but Porter also experienced a change in employment and was terminated as an employee.

## II.   EMPLOYMENT DISCRIMINATION: SEX/GENDER BASED HARRASSMENT

1. Porter is a member of a protected class as a black man.

2. Defendant knew of Porter's protected status.

3. Defendant discriminated against Porter on the basis of sex/gender and engaged in sex/gender-based harassment.

4. Defendant engaged in unwelcomed conduct by calling Porter epithets "ungrateful", "uncontrollable", "belligerent", and "hostile" that are based on his race and sex/gender.

5. Defendant never used these terms to describe the black female employee in the office.

6. Defendant engaged in unwelcomed conduct by ASA Castro avoiding Porter and refusing to interact with Porter, thus making his ability to work unreasonably difficult.

7. Defendant engaged in unwelcomed conduct when terminating Porter by escorting him out of the workplace by Police.

8. This harassment is based on racial stereotypes against black men being animalistic, dangerous, and aggressive.

9. This harassment is forbidden by the Title VII of the Civil Rights act of 1964, as amended, 42. U.S.C. § 2000e

10. Defendant's harassment and following conduct created a hostile work environment for Porter and altered the conditions of employment by making it significantly more difficult for him to do his job.

6

11. Porter found the conduct to be hostile.

12. Defendant must be held responsible for the action as Defendant was notified of the conduct of ASA Castro and failed to take corrective action.

13. Not only did Porter experience a hostile work environment, but Porter also experienced a change in employment and was terminated as an employee.


III.    WRONGFUL TERMINATION BASED UPON DISCRIMINATION OF RACE AND SEX/GENDER

1. Porter is a member of a protected class as a black man.

2. Defendant knew of Porter's protected status.

3. Porter was more than qualified to be a paralegal.

4. Porter was given work that no other paralegal was qualified to do because they lacked skills in legal research, writing, and reasoning.

5. Porter was treated differently from similarly situated employees outside his protected class because other employees, especially paralegals, have never been discharged for these minor infractions.

6. Defendant has employed and continues to employ paralegals that have violated workplace policies.

7. Porter experienced harassment based on his race and sex/gender.

8. Porter's race and sex/gender was a major factor in his termination because he was terminated for minor performance problems that were usually and was also escorted out of the building by police.

## IV.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendant engaged in extreme and outrageous conduct by discharging Porter in an unreasonable and egregious way.

2. Defendant not only discharged Porter at 4:25pm, the end of his work day, but used Police to intimidate and put fear into Porter.

3. Defendant was not abiding by their regular policies in regards to discharge.

4. Porter also did nothing to warrant the behavior. Porter did not resist being terminated nor did he cross reasonable professional boundaries with his conduct.

5. Defendant knew that unreasonably calling security or law enforcement on a black man to escort him out of the building in front of the rest of staff would cause Porter to suffer emotional distress.

6. Porter endured "severe" emotional distress and needed to see a psychologist after the egregious discharge.

7. Porter had to receive weekly therapy to be able to work again.

8. But for Defendant's conduct, Porter would not have endured such emotional distress.

<u>RELIEF</u>

Therefore, Porter asks that the court grant the following relief to the plaintiff:

i.   If available grant Porter lost wages, liquidated damages, compensatory damages, punitive damages, with the inclusion of prejudgment interest, post judgment interest, court costs, reasonable attorney fees, and expert witness fees.

ii.   Specifically grant Porter $100,000 in damages for the Intentional infliction of emotional distress.

iii.   Grant such other reliefs as the court may find appropriate.

Bryan Porter, JD

15403 Cherry LN,

Markham, IL 60428

708.712.5581

12/23/2024

Enclosure with EEOC Notice of Closure and Rights (Release Date)

A ttachment 1

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/19/2024

**To:** Bryan H Porter
15403 Cherry Lane
Markham, IL 60428

**Charge No: 440-2023-06252**

EEOC Representative and email:

Sherice Galloway
Manager / State, Local & Tribal
sherice.galloway@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:Amrith Kaur Aakre
09/19/2024

Amrith Kaur Aakre
District Director

**Cc:**

ROCK ISLAND COUNTY STATE'S ATTORNEY'S OFFICE
c/o Patricia Castro, Esq
State's Attorney's Office Rock Island County
1317 3rd Avenue, 2nd floor
Rock Island, IL 61201

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of Employment Discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Eastern Division at Chicago**<br>219 S. Dearborn Street, Room 250<br>Chicago, IL 60604<br>(312-435-5670) | | U.S. DISTRICT COURT<br>Central District of Illinois<br>**Urbana Division**<br>218 U.S. Courthouse, 201 S. Vine Street<br>Urbana, IL 61802<br>(217-373-5830) | |
|---|---|---|---|
| **Counties** | | **Counties** | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Platt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Western Division at Rockford**<br>211 S. Court Street<br>Rockford, IL 61101<br>(815-987-4480) | | **Peoria Division**<br>305 U.S. Courthouse, 100 N.E. Monroe Street<br>Peoria, IL 61602<br>(309-671-7117) | |
| **Counties** | | **Counties** | |
| Boone | McHenry | Fulton | Putnam |
| Carroll | Ogle | Livingston | Stark |
| DeKalb | Stephenson | Marshall | Tazewell |
| JoDaviess | Whiteside | McLean | Woodford |
| Lee | Winnebago | Peoria | |
| U.S. DISTRICT COURT<br>**Southern District of Illinois** | | **Rock Island Division (Temporarily Relocated)**<br>131 E. 4th Street, Room 250<br>Davenport, IA 52801<br>(309-793-5878) | |
| 301 W. Main Street<br>Benton, IL 62812<br>(618-439-7760) | 750 Missouri Avenue<br>E. St. Louis, IL 62201<br>(618-482-9371) | | |
| **Counties** | | **Counties** | |
| Alexander | Johnson | Bureau | Mercer |
| Bond | Lawrence | Henderson | Rock Island |
| Calhoun | Madison | Henry | Schuyler |
| Clark | Marion | Knox | Warren |
| Clay | Massac | McDonough | |
| Clinton | Monroe | **Springfield Division**<br>151 U.S. Courthouse, 600 E. Monroe Street<br>Springfield, IL 62701<br>(217-4922-4028) | |
| Crawford | Perry | | |
| Cumberland | Pope | | |
| Edwards | Pulaski | | |
| Effingham | Randolph | | |
| Fayette | Richland | **Counties** | |
| Franklin | St. Clair | Adams | Macoupin |
| Gallatin | Saline | Brown | Menard |
| Hamilton | Union | Cass | Montgomery |
| Hardin | Wabash | Christian | Morgan |
| Jackson | Washington | DeWitt | Pike |
| Jasper | Wayne | Greene | Shelby |
| Jefferson | White | Logan | |
| Jersey | Williamson | | |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>#23M0512.16 | AGENCY<br><br>☐ IDHR<br><br>☒ EEOC | CHARGE NUMBER<br>2022CE1481<br><br>440-2023-06252 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>Bryan H. Porter | TELEPHONE NUMBER (include area code)<br><br>708.712.5581 |
|---|---|

| STREET ADDRESS<br><br>15403 Cherry Lane | CITY, STATE AND ZIP CODE<br><br>Markham, IL, 60428 | DATE OF BIRTH<br><br>MM / DD / YYYY |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br><br>Rock Island County State's Attorney's Office | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br><br>309.558.3250 |
|---|---|---|

| STREET ADDRESS<br><br>1317 3rd Avenue | CITY, STATE AND ZIP CODE<br><br>Rock Island, IL, 61201 | COUNTY<br><br>Rock Island |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Color, Sex | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>07/13/2022 – 07/13/2022<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

<u>S E E   A T T A C H E D</u>

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

JUN 0 6 2023

RECEIVED

Page 1 of 4

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109]<br><br>X _____    6/2/23<br>SIGNATURE OF COMPLAINANT    DATE |
|---|---|

EEO-5 FORM (Rev. 12/2020-INT)

DocuSign Envelope ID: F64622EA-601E-448E-973E-2625CE1F4E1E



Received EEOC CDO on 05/08/2023
· Illinois Department of Human Rights - added by EEOC

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

23mo51212

## CHARGE OF DISCRIMINATION

EEOC Form 5A (Sept. 1, 2017)

| For Official Use Only – Charge Number: |
|---|
| 440-2023-06252  2023CE1481 |

| | |
|---|---|
| **Personal Information** | First Name: **Bryan**　　MI: **H.**　Last Name: **Porter** <br><br> Address: **15403 Cherry Lane**　　　Apt.: \_\_\_\_\_ <br><br> City: **Markham**　County: **Cook**　State: **IL**　Zip Code: 60428 <br><br> Phone: **708.712.5581**　Home ☐　Work ☐　Cell ☑　Email Address: porterbharoldjr@outlook.com |
| **Who do you believe discriminated against you?** | Employer ☑　Union ☐　Employment Agency ☐　Other Organization ☐ <br><br> Organization Name: **Rock Island County State's Attorney's office** <br><br> Address: **1317 3rd Avenue**　　　Suite: **2nd Floor** <br><br> City: **Rock Island**　State: **IL**　Zip Code: **61201**　Phone: **309.558.3250** |
| **Why you believe you were discriminated against?** | Age ☐　Color ☑　Disability ☐　Genetic Information ☐　National Origin ☐ <br><br> Race ☐　Religion ☐　Retaliation ☐　Sex ☑ |
| **What happened to you that you believe was discriminatory?** | **Date of most recent job action you believe was discriminatory:** 07/13/2022 <br> **Describe briefly <u>each job action you believe was discriminatory</u> and when it happened (estimate).** <br><br><br><br><br> see attachment 1 |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures. <br><br> I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on Age, Color, Disability, Genetic information, National Origin, Religion, Sex, or based on retaliation for: filing a charge of employment discrimination; helping in someone else's complaint about job discrimination; or complaining to the employer about job discrimination. <br><br> **I declare under penalty of perjury that the above is true and correct.** <br><br> Signature: _(signature)_ 　　　　　Date: 5/8/2023 |



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Chicago District Office

UJCK Federal Building
230 S. Dearborn
**Suite 1866 (Enforcement, State and Local & Hearings)**
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Chicago Direct Dial: (312) 872-9777
Enforcement/File Disclosure Fax: (312) 588-1260
Website www.eeoc.gov

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:          2023CE1481          BRYAN H. PORTER

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

ILLINOIS DEPARTMENT OF

# ◀Human Rights

JB Pritzker, Governor
James L. Bennett, Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)